19649

CAROLINA MANUFACTURING CO., Respondent, v. The CITY OF GREENVILLE, South Carolina, and J. Henry Chapman, Treasurer of the City of Greenville, South Carolina, Appellants.

(197 S. E. (2d) 665)

*Messrs. Love, Thornton, Arnold & Thomason* and *Robert O. Conoley,* of Greenville, *for Appellants,*

*Donald L. Ferguson, Esq.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Respondent,*

582

*Messrs. Love, Thornton, Arnold & Thomason* and *Robert O. Conoley,* of Greenville, *for Appellants,* in Reply.

June 28, 1973.

LITTLEJOHN, Justice:

Three actions for recovery of taxes paid under protest were consolidated by agreement of counsel and tried before Judge Frank Eppes without a jury. In the actions, plaintiff Carolina Manufacturing Company seeks recovery for taxes paid to defendant City of Greenville under protest for the years 1970, 1971 and 1972. Such actions are permitted by the South Carolina Code, § 65-2661 *et seq.* (1962).

The parties entered into a written stipulation; in addition, the testimony of the President of Carolina Manufacturing Company and of the Treasurer of the City of Greenville was taken. The lower court held that the plaintiff taxpayer was entitled to recover. The defendant, City of Greenville, has appealed.

The tax in question is the Greenville City License Fee; it is based on gross sales as set forth in Greenville City Code, § 20-18 (1964), and the 1970, 1971 and 1972 Business License Ordinances, which are identical for the three years in question. The wording of the code section and of the ordinances in question has been approximately the same since the code section was originally enacted several years ago. The code section reads in part as follows:

## "SEC. 20-18. LICENSE FEES BASED ON GROSS SALES, ETC.

Every person liable for the payment of a license tax under this ordinance based on gross sales, receipts, premiums, income, or otherwise, in making application for a license, shall include and report the gross amount of all sales, receipts, premiums, income or otherwise of all business done in whole or in part within the City of Greenville during the preceding calendar year and the amount of fee shall be computed

thereon unless otherwise provided herein. *Deductions for business constituting interstate commerce only* and for business done wholly outside of the city on which a license fee is paid to some other municipality *shall be allowed* upon claim for deduction first being made by the applicant or licensee and supported by satisfactory proof that the deductions claimed are exempt from the operation of this chapter . . ." (The italicized words bring about the dispute before us.)

The plaintiff, Carolina Manufacturing Company, is a manufacturer and seller of handkerchiefs, with its offices and plant located within the City of Greenville. It manufactures and produces handkerchiefs by sewing and cutting cloth which comes to its plant in bulk; it then packages the finished products in its Greenville plant for shipment to customers. The greater portion of its handkerchiefs manufactured in Greenville are sold to customers in states other than South Carolina; the handkerchiefs are shipped across state lines to other states. The parties have stipulated the amount of out-of-state sales for each year in question, and have stipulated the tax rate as applied. The plaintiff in the court below contended that the sales and shipments of its handkerchiefs to customers outside the State of South Carolina constituted interstate commerce and that for such out-of-state sales it is not liable to the City of Greenville under the terms of the City Business License Ordinance. The City contended that the plaintiff was liable under the ordinance for all sales, regardless of where the goods were ultimately sold or shipped.

As the parties stipulated amounts and figures, the lower court had only to interpret the statute to determine whether the City of Greenville under its ordinance could compute the tax against plaintiff Carolina Manufacturing Company based on all sales, whether made within or without the State of South Carolina.

The lower court held that the City of Greenville by its ordinance is taxing the privilege of doing business and that such tax is based on the gross sales of plaintiff. The trial

judge further held that the plaintiff's sales of handkerchiefs which take place outside the State of South Carolina and which are shipped across state lines to other states (the basis for the tax paid under protest), constitutes interstate commerce and that the City of Greenville by its ordinance specifically allowed a deduction "for business constituting interstate commerce only" and that it had no right to tax plaintiff for that portion of its sales and shipments to customers outside the State.

The City claims that the trial judge erred in finding the plaintiff was not liable under the Business License Ordinance of Greenville for taxes computed on the gross sales of handkerchiefs sold and delivered to its customers outside the State of South Carolina.

The City discusses at length the subject of a state's power to tax a manufacturing process regardless of the destination of the product. We are of the opinion that a consideration of the limits of a state's taxing power under the State or Federal Constitution is not in issue in this case. The controversy at hand simply presents an exercise in statutory construction and application.

It is apparent from the title of the statute, and the statute itself, that the license fee in question is a tax levied against any business and computed on a fixed fee according to the type of business, plus a fee computed on the gross sales of that business. There is no contention by plaintiff that it is not a business contemplated under the statute. The crux of the controversy centers on the clause, "Deductions for business constituting interstate commerce only".

The import of the clause is clear. A business concern may deduct the gross sales of any of its transactions that constitute interstate commerce from the total gross sales prior to computing the gross sales fee. The lower court found as a fact that the sales and shipments upon which the disputed tax is based constitute interstate commerce. The City has understandably not excepted to that finding.

The City asserts that its license fee is a tax on the local incident of manufacturing deferred until the finished products are sold and measured by this sales price. Thus the destination of the goods is irrelevant, as the tax was affixed prior to any possibility of the goods attaining any character as interstate commerce entitled to an exemption.

To give this interpretation would be a forced construction; a statute should be interpreted without the necessity of resorting to subtle and refined construction for the purpose of either limiting or extending its operation. *Greenville Baseball v. Bearden,* 200 S. C. 363, 20 S. E. (2d) 813 (1942). The statute is void of any language that would indicate that the tax in question affixes to a product at any particular stage of its production or shipment.

The license fee is simply a tax on the privilege of doing business, with deductions allowed for that part of the business that constitutes interstate commerce. By operation of the statute, the plaintiff is allowed a deduction for its out-of-state sales and shipments.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.